IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL D. GUSTAS,<br><br>    Plaintiff,<br><br> v.<br><br>TEAMSTERS LOCAL 261,<br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS,<br><br>    Defendant. | Civil Action No. 20-335<br><br>Judge Marilyn J. Horan |

**OPINION AND ORDER**

  Plaintiff Paul D. Gustas brings the present Complaint, alleging various claims for racial discrimination, age discrimination, and retaliation under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2000e-17), and the Age Discrimination in Employment Act (ADEA, 29 U.S.C. §§ 621–34). (ECF No. 1-2). Defendant Teamsters Local 261, International Brotherhood of Teamsters moves to dismiss four of the five counts in the Complaint on the ground that they are time-barred. (ECF No. 4). Based on the following, Defendant's Motion will be denied.

**I. Background**

  Mr. Gustas alleges that he was terminated from his employment in September 2017. (ECF No. 1-2, at ¶ 3). He subsequently filed a charge with the Equal Employment Opportunity Commission, alleging that Teamsters Local 261 discriminated and retaliated against him on the basis of race and age by "refus[ing] to arbitrate his case and secure his reinstatement." *Id.* at ¶ 44. On April 29, 2019, the EEOC issued a right-to-sue letter to Mr. Gustas that informed him

1

that he had ninety days to file suit. *Id.* at 20. On July 24, 2019, Mr. Gustas filed a writ of summons in the Court of Common Pleas of Mercer County, Pennsylvania. (ECF No. 1-1). On February 18, 2020, Mr. Gustas filed the present Complaint in the Court of Common Pleas. (ECF No. 1-2). Teamster Local 261 then removed the matter to federal court, and now seeks dismissal on the ground that the statute of limitations bars the Title VII and ADEA claims. (ECF Nos. 1, 4).

## II. Discussion[1]

Following the EEOC's issuance of a right-to-sue letter relative to Title VII and ADEA claims, a plaintiff has ninety days to commence a private action against the defendant-employer. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)). In Pennsylvania, plaintiffs may commence an action "by filing with the prothonotary: (1) a praecipe for a writ of summons, or (2) a complaint." Pa. R. Civ. P. 1007. A writ of summons that is timely filed and served tolls the statute of limitations indefinitely. *Sheets v. Liberty Homes, Inc.*, 823 A.2d 1016, 1018 (Pa. Super. Ct. 2003); *Peters v. Air Prods. & Chems., Inc.*, 2006 U.S. Dist. LEXIS 15330, at *13 (E.D. Pa. Mar. 30, 2006) (citing *Galbraith v. Gahagen*, 204 A.2d 251, 252 (Pa. 1964)).

Teamsters Local 261 contends that, despite filing a writ of summons within ninety days

---

[1] Motions to dismiss based on the expiration of the statute of limitations are analyzed under Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss a complaint under Rule 12(b)(6), a court must first "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (internal quotations omitted). The court then must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* A complaint is sufficient only when it is facially plausible, meaning that the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To be plausible on its face, the complaint must contain more than "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements." *Id.* The court need not "accept unsupported conclusions and unwarranted inferences." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013).

of the issuance of the EEOC right-to-sue letter, Mr. Gustas' Title VII and ADEA claims are time-barred. The union argues that a writ of summons only extends the statute of limitations for an additional period equal to the original statute of limitations. (ECF No. 5, at 4–5). According to Teamsters Local 261, then, the statute of limitations in this matter expired in October 2019. However, the case on which Teamsters Local 261 relies, *Frable v. Christmas City Hotel, LLC*, 2005 U.S. Dist. LEXIS 22081, 2005 WL 2436699 (E.D. Pa. Sept. 28, 2005), is not good law. That case was in fact vacated and withdrawn by the court that issued it. *Frable v. Christmas City Hotel, LLC*, 2006 U.S. Dist. LEXIS 59766, 2006 WL 6840360 (E.D. Pa. Aug. 24, 2006). Teamsters Local 261's Motion to Dismiss is therefore without merit.

### III. Conclusion

THEREFORE, based on the foregoing, Defendants' Motion to Dismiss is DENIED. Defendants shall answer the Amended Complaint in accordance with the timeline set out in the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE April 29, 2020

Marilyn J. Horan
United States District Judge